**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

THOMAS CROCKETT,                                                    PLAINTIFF
ADC #080478

v.                                    4:22CV00126-BRW-JTK

DEXTER PAYNE, et al.                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

    The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.   Any party may file written objections to all or part of this Recommendation.    If

you do so, those objections must: (1) specifically explain the factual and/or legal basis for your

objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this

Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.     **Introduction**

    Thomas Crockett ("Plaintiff") is incarcerated at the Maximum Security Unit ("MSU") of

the Arkansas Division of Correction ("ADC").   Plaintiff sued ADC Director Dexter Payne and

Program Specialist Tabitha Carter (collectively "Defendants").[1]   (Doc. No. 1).   Only Plaintiff's

First Amendment freedom of association claim remains pending.   (Doc. Nos. 1, 25, 30).

    Defendants now have filed a Motion for Summary Judgment on the merits of Plaintiff's

claims, Brief in Support, and Statement of Facts. (Doc. Nos. 43-45).   Plaintiff has responded.

---

[1] The Clerk of the Court is directed to correct Defendants' names on the docket to Estella
Bland and Matthew Wood.    (Doc. No. 8 at 1).

(Doc. Nos. 47, 48).   After careful consideration, and for the reasons set out below, the Court recommends Defendants' Motion be granted.

## II.    Plaintiff's Complaint

Plaintiff sued Defendants under 42 U.S.C. § 1983 alleging violations of Plaintiff's constitutional rights.    (Doc. No. 1).    Plaintiff's claims arise from a purportedly false disciplinary.    According to Plaintiff, Defendant Carter's duties at the Maximum Security Unit includes monitoring inmate telephone calls.    (Id. at 2).    On September 16, 2021, Defendant Carter monitored a telephone conversation of inmate Kendrix Heard.    (Id. at 3, 33).    During the conversation, a certain CashApp designation was mentioned in connection with financial transactions, and it was determined that the CashApp belonged to Plaintiff's wife, Ramona Crockett.    (Id.).    Plaintiff's name was not mentioned during Inmate Heard's conversation. Defendant Carter issued a major disciplinary against Plaintiff for "allegedly working in tandem with [two] other incarcerated persons to engage in online financial transactions that the Division of Correction deems violative of ADC policy."    (Id. at 2, 33-34).    Specifically, Plaintiff was charged with violating Rule 15-3—the purchase or exchange of unauthorized articles or authorized articles obtained through unauthorized channels—and Rule 09-4—possession, or movement, of money or currency, unless specifically authorized.    (Id. at 33).

Plaintiff ultimately was convicted of the disciplinary charges against him.    (Doc. No. 1 at 3).    As a result, Plaintiff lost 365 days of good time; his class was reduced to Class 4; he lost his commissary, phone, and visitation privileges for a period of 60 days; he was confined in punitive isolation for 30 days; he lost $200 worth of non-refundable video visits, and Plaintiff's wife was removed from his telephone and visitation list.    (Id. at 3-4).    Plaintiff alleges that Defendants

violated his rights under the First and Fourteenth Amendments through the disciplinary proceedings against him and resulting punishments.    (Id. at 5).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has made this showing, the non-moving party must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue of material fact."   Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (citing FED.R.CIV.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Webb,* 144 F.3d at 1135).

 "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by

the non-moving party . . . ."    Local Rule 56.1, Rules of the United States District Court for the

Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving

party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.

FED. R. CIV. P. 56(e).

## IV.    Discussion

Only Plaintiff's First Amendment freedom of association claim remains pending.

### A.    Personal Capacity Claims—First Amendment Freedom of Association

Plaintiff alleges that Defendants have permanently denied him visitation and telephone

contact with his wife.    The Court of Appeals for the Eighth Circuit recently considered whether a

permanent or arbitrary limitation on inmate visitation privileges with family members may amount

to a constitutional violation. Manning v. Ryan, 13 F.4th 705, 708 (8th Cir. 2021).    The Court

found in the affirmative.    Id.    In Manning, the plaintiff was denied visitation with his minor

children as the result of a blanket prohibition on such visits.    Id. at 707-08.    The Court of Appeals

wrote:

> After reviewing the law, we have determined that our case law up to now has not
> necessarily made clear that the MCJ officials violated Manning's constitutional
> rights by enforcing the blanket prohibition on visitation with minor children, and
> so qualified immunity was appropriate to protect the defendants from liability. To
> that end, we affirm the decision of the district court.
>
> The time is ripe, however, to clearly establish that such behavior may amount to a
> constitutional violation in the future. In *Turner v. Safley*, a case involving inmate
> marriage, the Supreme Court held that prisoners retain a limited constitutional right
> to intimate association, and any limitations must be "reasonably related to
> legitimate penological interests." 482 U.S. 78, 89, 95-96, 107 S.Ct. 2254, 96
> L.Ed.2d 64 (1987). Years later, in *Overton v. Bazzetta*, the Supreme Court
> explained that, consistent with *Turner*, limitations on visitation privileges may be
> unconstitutional if "applied in an arbitrary manner to a particular inmate," but not
> if imposed "for a limited period as a regular means of effecting prison discipline."
> 539 U.S. 126, 137, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). With those decisions
> in mind, we join the Seventh Circuit in holding that prison officials who
> permanently or arbitrarily deny an inmate visits with family members in disregard

of the factors described in *Turner* and *Overton* have acted in violation of the Constitution. See *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018).

Id.[2]

Prison regulations alleged to infringe on First Amendment rights are to be judged under a "reasonableness" test. Turner v. Safley, 482 U.S. 78, 89 (1987). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* There are four factors to be considered in making this determination: (1) whether there is a "valid rational connection" between the prison regulation and the government interest justifying it; (2) whether there is an alternative means available to the prisoner to exercise the right; (3) whether an accommodation would have "a significant 'ripple effect'" on the guards, other inmates, and prison resources; and (4) whether there is an alternative that fully accommodates the prisoner "at de minimis cost to valid penological interests." Murphy v. Missouri Dep't of Corr., 372 F.3d 979, 982-83 (8th Cir. 2004) (quoting Turner, 482 U.S. at 89-91).

### B.    Material Facts

The following material facts are uncontested. Dexter Payne is the Director of the ADC and has been since July 2019. (Doc. No. 44 at ¶ 2; Doc. No. 48). Plaintiff filed this lawsuit on February 9, 2022. (Doc. No. 44 at ¶ 4; Doc. No. 48). Defendant Carter wrote Plaintiff disciplinary #2021-09-071 on September 16, 2021 for purchase of unauthorized articles and possession/movement of money. (Doc. No. 44 at ¶ 8; Doc. No. 48). The allegation in the disciplinary is that another inmate instructed one of his approved contacts to transfer money to

---

[2] The Court notes that Manning was filed on September 21, 2021. Plaintiff's disciplinary hearing was held on September 23, 2021 and the related punishments imposed that same day. (Doc. No. 1 at 35).

various cash app accounts including the cash app account for Plaintiff's wife. (Doc. No. 44 at ¶ 9; Doc. No. 48). Plaintiff pled not guilty to the charges, but he was found guilty at his September 23, 2021 disciplinary hearing. (Doc. No. 44 at ¶ 10; Doc. No. 48). As a result, Plaintiff's wife was suspended from his approved visitor and phone lists. (Doc. No. 44 at ¶ 12; Doc. No. 48).

While the parties agree on the above material facts, Plaintiff has contested other material facts. Plaintiff contests Defendants' assertion that Defendant Carter is the Administrative Review Officer at the MSU. Defendants maintain that approved visitors who violate rules are generally suspended for one year before they are able to reapply and be approved. (Doc. No. 44 at ¶ 13). Plaintiff disputes that visitors who violate rules are generally suspended from visitation, video visitation, and telephone for one year before they are able to reapply and be approved. (Doc. No. 44 at ¶¶ 13, 14, 20; Doc. No. 48 at ¶¶ 15, 20). Plaintiff asserts that his wife has reapplied, and been denied, multiple times. (Doc. No. 48 at ¶ 14). Plaintiff additionally disputes Defendants' assertion that there are no authorized sanctions that permanently remove an inmate's video or contact visits; Plaintiff maintains there are inmates whose video or contact visits have been permanently restricted. (Doc. No. 44 at ¶ 21; Doc. No. 48 at ¶ 21).

### C.    Analysis

Defendants argue they are entitled to qualified immunity on Plaintiff's claims. (Doc. No. 45 at 5). Specifically, Defendants argue Plaintiff cannot establish a constitutional violation because he cannot show that his wife was permanently or arbitrarily removed from his visitation list in violation of Turner and Overton. In his Response, Plaintiff maintains that Turner and Overton do not apply. (Doc. No. 47 at 3). Plaintiff argues that the exacting scrutiny test should be applied to his claim. (Id.). The Court is not persuaded and will use Turner and Overton in examining Plaintiff's claims.

It is undisputed that Plaintiff was convicted of Possession Movement of Money, which is a Class A violation.   (Doc. No. 1 at 35; Doc. No. 43-2 at 4-5).   As a result of his conviction, he lost telephone and visitation privileges for sixty days, among other punishments.   (Doc. No. 1 at 35).

In his response to Defendants' Motion, Plaintiff continues to challenge the disciplinary of which he was convicted as a "false disciplinary."   (Doc. No. 47 at 6).   He claims "his wife was engaged in the legitimate business practices in the outside world . . . [and] Plaintiff was roped into the situation simply because of his marriage."   (Id. at 1).   In short, Plaintiff continues to claim he is innocent of the violations for which he was convicted.   United States District Judge Billy Roy Wilson, however, has already ruled that any challenge of the disciplinary and Plaintiff's underlying actions on which the disciplinary was based is barred by Heck v. Humphrey because Plaintiff lost good time as a result of his conviction.   (Doc. No. 25 at 6-7; Doc. No. 30).   The Court will adhere to Judge Wilson's ruling as it relates to this issue in this case.

The ADC's Inmate Disciplinary Manual informs inmates of disciplinary rules and creates a penalty class for each infraction.   (Doc. No. 41-1 at ¶ 4-5).   In addition to the range of allowable sanctions for each penalty of violation,

> [i]nmates who violate the following rules may be placed on Non-Contact Visitation and restricted from Video Visitation for one (1) year for each offense. Any subsequent disciplinary for another violation following the initial violation will cause the one (1) year restriction period to start over from the date of conviction of the new violation.
>
> d. Possession or movement of money or currency, unless specifically authorized.

(Id. at 12, 13-14).

Further, authorized visitors who violate the rules can be suspended from visitation, video visitation, and phone lists.  (Doc. No. 43-1 at ¶ 14).  Those visitors can be unsuspended and reapproved by the warden at each facility.  (Id.).

Here, Plaintiff's wife was suspended from his visitation, video visitation, and telephone lists.  As set out above, Turner's reasonableness test has four elements.  The first consideration is whether there is a "valid rational connection" between the prison regulation and the government interest justifying it.  The Court finds that the prison has a legitimate interest in monetary control and preventing the introduction of contraband and trafficking, and that there is a valid connection between suspending visitation, video visitation, and telephone privileges and that interest because of the real-time aspect of these means of contact.

Next, courts consider whether there is an alternative available to the prisoner to exercise the right.  Here, there was an alternative available for Plaintiff to have contact with his wife: Plaintiff was able to send letters to and receive letters from his wife, and he in fact did so.  (Doc. No. 43-9 at 10:15-10:25, 18:24-19:9).

Another consideration is whether there is an alternative available that fully accommodates the prisoner at de minimis cost to valid penological interests.  Considering that Plaintiff's wife participated in the violations, the Court finds there was no alternative that could fully accommodate Plaintiff at negligible costs to valid penological interests.

These things considered, the suspension of visitation, video visitation, and telephone privileges in response to monetary violations involving a prisoner and visitor who participated in the violation passes muster under the Turner factors.  The next query is whether the suspension was permanent or arbitrary as prohibited by Overton.

There is no dispute that Plaintiff's wife was suspended from his visitation, video visitation, and telephone lists.   There is no dispute that Plaintiff's wife would have to reapply and be reapproved and added to the list.   Defendants say Plaintiff's wife was suspended for a period of one year, and that she did not reapply after the one-year period and thus could not have been reapproved.   (Doc. No. 44 at ¶¶ 13, 14).   Plaintiff, however, says his wife has reapplied multiple times and been denied each time.   (Doc. No. 48 at ¶¶ 14, 15).   As a result, Plaintiff maintains his wife was suspended from visitations and telephone for an indefinite period.   Plaintiff also identifies another inmate who Plaintiff says had visits permanently suspended.   (Doc. No. 48 at ¶ 21).

Plaintiff attempts to avoid summary judgment in Defendants favor by creating a fact in dispute regarding the duration of his wife's suspension from his visitation and telephone lists: Plaintiff contests that his wife's suspension was for one year and says she has reapplied multiple times after the one-year mark but been denied.   With regard to asserting that a fact is genuinely disputed, a party must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).

As set out above, the Court of Appeals for the Eighth Circuit has made clear that "the non-moving party must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue of material fact."   Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999).   But Plaintiff has

not supported his assertion that his wife reapplied for visitation multiple times and was denied. For example, there is no affidavit by Plaintiff's wife establishing that she has reapplied and been denied. Further, Plaintiff provided no affidavit from the inmate Plaintiff identified as having permanently lost visitation privileges. By simply disputing Defendants' statement of fact, Plaintiff did not properly address Defendants' position that Plaintiff's wife was suspended for one year and had not reapplied. As such, the Court may consider these facts undisputed. FED. R. CIV. P. 56(e)(2).[3]

The Court notes that Plaintiff testified in his deposition that his phone privileges have been suspended for 22 months—including telephone contact with his wife. (Doc. No. 43-9 at 11:25-13:17). It is uncontested, however, that Plaintiff lost telephone privileges as a result of additional disciplinaries received after the disciplinary he complained of in this case. (Doc. No. 43-1 at ¶¶ 18 – 26; Doc. No. 48). In connection with disciplinary 2021-09-071 (the disciplinary complained of here), Plaintiff lost phone and visitation privileges for 60 days. In connection with disciplinary 2022-05-067 (purchase of unauthorized articles), Plaintiff lost phone and visitation privileges for 45 days. In connection with disciplinary 2022-12-074 (possession/introduction/use of cell phone), Plaintiff lost phone privileges for one year and visitation privileges for 60 days. In connection with disciplinary 2023-02-097 (under the influence and possession/introduction of drugs), Plaintiff lost phone and visitation privileges for 60 days. It is further uncontested that his sentences were consecutive. (Doc. No. 43-1 at ¶ 27; Doc. No. 48). Plaintiff's wife could have reapplied for visitation and telephone visits around September 17, 2022. But Plaintiff's one-year

---

[3] Plaintiff does not explain how he came by the information that his wife reapplied and was denied. The Court notes that had Plaintiff said that his wife told him so, the Court could not have considered the statement as it constitutes hearsay that is inadmissible at summary judgment. Brooks v. Tri-Sys., Inc., 425 F.3d 1109, 1111 (8th Cir. 2005).

loss of telephone privileges began as of January 1, 2023.  (Doc. No. 43-5 at 1-3).  Even if Plaintiff's wife had been reapproved, then, Plaintiff was prohibited generally from using the telephone as of January 2023.

As mentioned above, the Court may treat as uncontested fact that Plaintiff's wife was suspended for one year and did not reapply for visitation or telephone lists thereafter.  This considered—along with the nature of the violation and the fact that Plaintiff could write to his wife in the interim—the one-year suspension is in keeping with Overton. See, for example, Overton, 539 U.S. at 134 (two year restriction of visitation for inmates with two substance abuse violations serves legitimate goal of deterring drug and alcohol use within prison).   No reasonable jury could find that Defendants violated Plaintiff's First Amendment rights.   Because Plaintiff did not establish liability against Defendants in their personal capacities, his official capacity claims likewise fails.  Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . .   necessarily fail.")

## V.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 43) be GRANTED;

2.    Plaintiff's Complaint, as amended (Doc. No. 1), be DISMISSED with prejudice.

Dated this 27th day of October, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE